UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ROLANDO ALVAREZ, LANCE BERGMANN,
AGUSTIN S. FERNANDEZ, KEVIN FRAWLEY,
MARIO GARCIA, MARK L. HALE,
RANDALL HENRY, PETER HERRADA,
JAMES HUTCHINS, JR., ROY T. LAGANA,          CASE NO.
GAETANO LEONE, DAVID LEPPO,
DAVID LOMBARDO, DAVID McMILLIN,
LOUIS MEJIA, JIMMY NELSON,
ARMANDO ORTIZ, ROLANDO ORTIZ, JR.,
MICHAEL PERKINS, GARY PIERCE,
JOHATHAN SCULL, Individually,
and on behalf of others similarly situated,

    Plaintiffs,

v.

GENERAL ELECTRIC COMPANY,
a New York corporation,

    Defendant.
_____/

## **COMPLAINT**

Plaintiffs ROLANDO ALVAREZ, LANCE BERGMANN, ROLANDO ALVAREZ, LANCE BERGMANN, AGUSTIN S. FERNANDEZ, KEVIN FRAWLEY, MARIO GARCIA, MARK L. HALE, RANDALL HENRY, PETER HERRADA, JAMES HUTCHINS, JR., ROY T. LAGANA, GAETANO LEONE, DAVID LEPPO, DAVID LOMBARDO, DAVID McMILLIN, LOUIS MEJIA, JIMMY NELSON, ARMANDO ORTIZ, ROLANDO ORTIZ, JR., MICHAEL PERKINS, GARY PIERCE and JOHATHAN SCULL ("Plaintiffs"), through their undersigned attorneys, bring this action against Defendant GENERAL ELECTRIC COMPANY ("GE") on

behalf of themselves individually and all others similarly situated, for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §201, et seq.

## Introduction and Jurisdiction

1. This action is brought to recover Plaintiffs', and those similarly situated to them, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action from Defendant GE pursuant to the FLSA, 29 U.S.C. §216(b).

2. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and 29 U.S.C. §216(b).

## The Parties

3. Plaintiffs Rolando Alvarez, Randall Henry, Gaetano Leone, David Leppo and David Lombardo are residents of Broward County, Florida. Plaintiffs Mario Garcia, Peter Herrada, Louis Mejia, Armando Ortiz, Rolando Ortiz, Jr., and Jonathan Scull are residents of Miami Dade County, Florida. Plaintiffs Lance Bergmann, Josue Bilbao, John Butts, Kevin Frawley, Roy T. Laguna, David McMillin and Gary Pierce are residents of Palm Beach County, Florida. Plaintiff Agustin S. Fernandez is a resident of Indian River County, Florida. Plaintiffs Mark L. Hale, Jimmy Nelson and Michael Perkins are residents of Volusia County, Florida. Plaintiff James Hutchins, Jr. is a resident of Brevard County, Florida.

4. Defendant General Electric Company is a New York corporation. Since 2010 to the present date, Defendant GE has done business throughout the United States, including in Florida.

5. Since October 2010 through the present date (the "Relevant Period"), the Plaintiffs have worked as service technicians repairing consumer appliances for Defendant GE in Florida as non-exempt employees under the FLSA.

### Others Similarly Situated

6. In addition to the Plaintiffs, there are similarly situated current and former service technicians employed by Defendant GE in Florida and throughout the United States who also worked off the clock hours and, therefore, were not fully compensated for all overtime hours worked since October 2010 to the present date, and continuing. The intent of this action is to include those similarly situated current and former service technicians who worked for Defendant GE and performed work off the clock which was not compensated under all claims brought pursuant to the FLSA, 29 U.S.C. §216(b).

7. Those similarly situated current and former employees of Defendant GE are entitled to join this case as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

### General Allegations

8. Throughout the Relevant Period, Defendant GE, through its managers, supervisors and other executives, directly or indirectly acted in the interest of an employer toward Plaintiffs, and other similarly situated employees, including controlling the terms of employment and compensation of Plaintiffs, and others similarly situated.

9. Throughout the Relevant Period, Defendant GE, including its General Electric Consumer Services ("GECS") division, was an enterprise engaged in commerce or in the production of goods for commerce as defined in the FLSA, 29 U.S.C. §§ 203(r) and (s). The annual gross sales volume of Defendant GE was in excess of $500,000.00.

10. Throughout the Relevant Period, Plaintiffs and others similarly situated worked for Defendant GE as non-exempt service technicians and were compensated on an hourly basis for the work they performed. Plaintiffs, and others similarly situated, regularly worked over forty (40) hours per 7 day workweek during their employment with Defendant GE.

11. Defendant GE provided to Plaintiffs, and others similarly situated, vans to perform their service calls, which vans have GPS tracking devices. Additionally, Defendant GE provided lap top computers to Plaintiffs, and others similarly situated to them, for their use in performing their service calls, for submission of time cards and for other purposes in support of their job duties.

12. On a daily basis, Plaintiffs, and others similarly situated, in order to perform their jobs for Defendant GE, in the morning logged on to their computers and connected with the Defendant GE's computer system to obtain their daily service calls, to obtain information regarding those calls, to obtain information regarding parts ordered and/or received, to read and respond to e-mails, and to fulfill other job duties. After logging on to their computers and performing these job duties, Plaintiffs, and those similarly situated, then drove to their first service call of the day, all of which work for Defendant GE's benefit was performed off the clock.

13. To obtain their necessary parts to perform their duties as service technicians for Defendant GE, Plaintiffs, and others similarly situated, received and/or obtained parts on one or more days per week. After receiving and/or obtaining these parts, Plaintiffs, and those similarly situated, were required to confirm receipt of the parts delivered, and to organize and place the parts in their van issued to them by Defendant GE, which work was performed off the clock.

14. Defendant GE directed Plaintiffs, and others similarly situated, to take daily a one hour unpaid lunch break, which combined a one-half hour lunch and two daily 15 minute breaks. However, due to high levels of customer calls scheduled and the threat of discipline, Plaintiffs, and those similarly situated, were not able to perform all of their scheduled service

4

calls, and take the daily one hour lunch, but instead performed work during their lunch break for Defendant GE.

15. As needed to perform their jobs for Defendant GE, Plaintiffs, and others similarly situated, took their vans in for servicing off the clock.

16. On a daily basis, after they completed their last service call of the day, Plaintiffs, and others similarly situated, then drove home, and in order to perform their jobs for Defendant GE, logged on to their computers and connected with Defendant GE's computer system to obtain the next day's service calls, to obtain information regarding those calls, to obtain information regarding parts ordered and/or received, to read and respond to e-mails, and to fulfill other job duties, all of which work for Defendant GE's benefit was performed off the clock.

17. Throughout the Relevant Period, Defendant GE has had in place daily revenue goals for its service technicians, including Plaintiffs and others similarly situated, based on no overtime hours. Failure to meet or exceed those revenue goals has resulted in counseling, written discipline, suspension and potential termination of employment of service technicians employed by Defendant GE.

18. Throughout the Relevant Period, Defendant GE had in place policies and procedures purportedly requiring Plaintiffs and others similarly situated to properly report their daily start and stop times, as well their lunch breaks, and any overtime hours. Also, Defendant GE's claimed policy and practice was to ensure Plaintiffs and those similarly situated were fully compensated for all hours worked, including pay for all overtime hours.

19. Despite these purported policies and practices, Defendant GE knew, particularly through its direct manager ("CSM") of the Plaintiffs, Chris Miller, and its

managers of others similarly situated, that it was not possible for Plaintiffs and others similarly situated, to perform all of their daily scheduled service calls and other job duties, as well as take their one hour daily lunch break, without working overtime hours. Because working overtime hours caused a reduction in the daily revenue goal of Defendant GE, it was well know by Plaintiffs' manager, Chris Miller, that Plaintiffs were performing substantial work off the clock every week in order to meet Defendant GE's daily revenue goals.

20. Instead of following Defendant GE's purported policies and practice, which mandated compliance with the FLSA, to ensure Plaintiffs met or exceeded Defendant GE's daily revenue goals Defendant GE's manager Chris Miller threatened and intimidated Plaintiffs not to submit accurate timecards which reflected their actual hours worked. For example, in response to a service technician's submission of a time card showing lunch was not being taken, manager Chris Miller would call the service technician to intimidate him into changing the time card. Requests for overtime by a service technician were denied, similarly not through an e-mail or text message to the service technician (which would create a record), but instead Chris Miller called and intimidated the service technician.

21. Failure to meet Defendant GE's revenue goals, of course, would result in counseling, written reprimands and discipline. As a result of the concerns over such potential discipline, Plaintiffs and those similarly situated were forced to work significant overtime hours off the clock.

22. In direct violation of the FLSA and the applicable law requiring compensation for work performed during a continuous workday, Defendant GE through its policies, practices and communications advised Plaintiffs and those similarly situated that the time they spent on to Defendant GE's computer system in the morning before their first

call, the time thereafter spent driving to their first service call of the day, as well as the time spent driving from their final service call of the day and the time spent on Defendant GE's computer after they had returned home was not compensable time.

23. Despite its purported policies and practices, Defendant GE did not compensate Plaintiffs, and others similarly situated, for their overtime hours worked off the clock servicing their vans, receiving and/or obtaining parts and confirming, organizing and placing those parts in their vans, working during their lunch breaks, as well as calling customers before and after their clock in times.

24. Throughout the Relevant Period and continuing, Defendant GE failed to comply with the overtime pay requirements of the FLSA, 29 U.S.C.§ 207, as Plaintiffs and others similarly situated performed labor for Defendant GE for which Defendant GE failed to pay Plaintiffs and other similarly situated the compensation to which they were lawfully entitled for all of the hours worked in excess of forty hours within a 7 day workweek at the rate of one and one half times their regular rate of pay.

## COUNT I

## CLAIM FOR OVERTIME COMPENSATION- FLSA

25. Plaintiffs re-adopt and re-allege the allegations contained in Paragraphs 1 through 24 above.

26. Throughout the Relevant Period and continuing, Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendant GE.

27. Also, other service technicians who were similarly situated to Plaintiffs, were employed by Defendant GE and regularly worked in excess of forty (40) hours in one or

more work weeks during their employment with Defendant GE during the Relevant Period and continuing.

28.  All time records and the compensation records of the amounts actually paid to Plaintiffs, and all other similarly situated employees, are in the possession and/or control of Defendant GE.

29.  All of Plaintiffs, and others similarly situated, daily computer log in records, computer log out records, work e-mails and other computer detail records, as well as work telephone records, are in the possession and/or control of Defendant GE, which will establish off the clock worked performed by Plaintiffs and others similarly situated.

30.  All of the service records, as well as the GPS records of Plaintiffs' vans, and of others similarly situated, are in the possession and/or control of Defendant GE, which will establish off the clock work performed by Plaintiffs and others similarly situated.

31.  As non-exempt employees, Plaintiffs are required by the FLSA to be paid and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours per work week throughout their employment with Defendant GE during the past three (3) years. 29 U.S.C.§ 207.

32.  Defendants failed to pay Plaintiffs, and others similarly situated, one and one-half times their regular rate of pay for all overtime hours worked, in one or more work weeks within the three (3) year FLSA statute of limitations period, from October 201 to the present date and continuing.

33. As a result of the Defendant GE's intentional and willful failure to pay overtime in accordance with the FLSA, Plaintiffs, and others similarly situated, have suffered damages, plus incurred the costs of this suit and reasonable attorneys' fees.

34. Defendant GE knowingly and willfully failed to pay Plaintiffs, and the other employees similarly situated, at one and one half of their regular rate of pay for all hours worked in excess of forty (4) hours per week and, therefore, Plaintiffs are entitled to liquidated damages under the FLSA, 29 U.S.C. §216(b).

35. Plaintiffs have retained the undersigned attorneys to represent them in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant General Electric.

36. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs ROLANDO ALVAREZ, LANCE BERGMANN, AGUSTIN S. FERNANDEZ, KEVIN FRAWLEY, MARIO GARCIA, MARK L. HALE, RANDALL HENRY, PETER HERRADA, JAMES HUTCHINS, JR., ROY T. LAGANA, GAETANO LEONE, DAVID LEPPO, DAVID LOMBARDO, DAVID McMILLIN, LOUIS MEJIA, JIMMY NELSON, ARMANDO ORTIZ, ROLANDO ORTIZ, JR., MICHAEL PERKINS, GARY PIERCE, JOHATHAN SCULL, and others similarly situated to them who may opt in to this action, demand judgment, against Defendant General Electric Company, for the payment of all overtime hours at one and one-half their regular rate of pay for the overtime hours worked by Plaintiffs for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees, costs of suit, post judgment interest, and all other appropriate relief as this Court may award.

Dated: October 25, 2013

ROBERT D. SOLOFF, P.A.
Attorney for Plaintiffs
7805 SW 6th Court
Plantation, Florida  33324
Telephone: (954) 472-0002
Facsimile: (954) 472-0052
E-mail:  soloffpa@bellsouth.net


By:     /s/  Robert D. Soloff
Robert D. Soloff, Esquire
Florida Bar Number 464732

LAW FIRM OF ALAN EICHENBAUM, P.A.
Attorney for Plaintiffs
10059 NW 1st Court
Plantation, Florida 33324
Telephone:  (954) 916-1202
Facsimile: (954) 916-1232
E-mail: alanlaw@bellsouth.net


By:  /s/Alan Eichenbaum
Alan Eichenbaum, Esquire
Florida Bar Number 253316