# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD MADDY, KURT FREDRICK, FREDERICK R. SHELLHAMMER, III, FRANK MICHIENZI, MARIO LAUREANO, ANTHONY CHELPATY, WILLIAM MADDEN, *Individually, and on behalf of all others similarly situated,*<br><br>        Plaintiffs,<br><br>    v.<br><br>GENERAL ELECTRIC COMPANY, a New York corporation,<br><br>        Defendant. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME AND UNPAID WAGES UNDER STATE WAGE AND HOUR LAWS<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

Plaintiffs DONALD MADDY, KURT FREDRICK, FREDERICK R. SHELLHAMMER, III, FRANK MICHIENZI, MARIO LAUREANO, ANTHONY CHELPATY and WILLIAM MADDEN ("Named Plaintiffs"), through their undersigned attorneys, bring this action against Defendant GENERAL ELECTRIC COMPANY ("Defendant" or "GE" or "Defendant GE") on behalf of themselves individually and all others similarly situated, for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C §201, et seq. and pursuant to the wage and hour laws of multiple states.

## INTRODUCTION

1.      This action is brought to recover for Named Plaintiffs, and those similarly situated to them, unpaid wages, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs of this action from Defendant GE pursuant to the FLSA, 29 U.S.C.

§216(b), and, pursuant to the wage and hour laws of multiple states, including New Jersey, Pennsylvania, Massachusetts, and Florida, to recover for Named Plaintiffs, and those similarly situated, unpaid applicable minimum wages, unpaid wages at the agreed rates of pay, unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs of this action from Defendant GE.

2. Named Plaintiffs have initiated the instant action to redress violations by Defendant of the FLSA. Named Plaintiffs assert that Defendant failed to pay wages and overtime pay to Named Plaintiffs and those similarly situated for certain hours worked in violation of the FLSA.

3. Named Plaintiff Donald Maddy ("Plaintiff Maddy") and Named Plaintiff Kurt Fredrick ("Plaintiff Fredrick"), in addition to asserting violations of the FLSA, have initiated the instant action to redress violations by Defendant of the New Jersey Wage and Hour Law ("NJWHL") and the New Jersey Wage Payment Collection Law ("NJWPCL") (collectively, "New Jersey Wage Laws"). Plaintiffs Maddy and Fredrick assert Defendant failed to pay Plaintiff Maddy, Plaintiff Fredrick and those similarly situated proper overtime compensation and wages for all hours worked, in violation of New Jersey Wage Laws.

4. Named Plaintiff Frederick Shellhammer, III ("Plaintiff Shellhammer") in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Pennsylvania Minimum Wage Act ("PMWA") and the Pennsylvania Wage Payment Collection Law ("PWPCL") (collectively "Pennsylvania Wage Laws"). Plaintiff Shellhammer asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of Pennsylvania Wage Laws.

5.     Named Plaintiff Frank Michienzi ("Plaintiff Michienzi") in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Massachusetts Payment of Wages Law and the Massachusetts Overtime Law (collectively "Massachusetts Wage Laws").  Plaintiff Michienzi asserts Defendant failed to pay him and those similarly situated proper overtime compensation and wages for all hours worked, in violation of Massachusetts Wage Hour Law.

6.     Named Plaintiff Mario Laureano ("Plaintiff Laureano"), in addition to asserting violations of the FLSA, has initiated the instant action to redress violations by Defendant of the Florida Constitution and Florida Minimum Wage Law (collectively "Florida Wage Laws"). Plaintiff Laureano asserts Defendant failed to pay Plaintiff Laureano and those similarly situated proper wages for all hours worked, in violation of the Florida Wage Laws.

## JURISDICTION AND VENUE

7.     The foregoing paragraphs are incorporated herein as if set forth in full.

8.     This Court has personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

9.     This Court has original subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 because the claims herein arise under laws of the United States, the FLSA.  This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

10.     Venue is properly in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and

because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## **PARTIES**

11.     The foregoing paragraphs are incorporated herein as if set forth in full.

12.     Plaintiff Maddy is an adult individual who resides in New Jersey.

13.     At all times relevant herein, Plaintiff Maddy worked for Defendant in New Jersey.

14.     Plaintiff Fredrick is an adult individual who resides in New Jersey.

15.     At all times relevant herein, Plaintiff Fredrick worked for Defendant in New Jersey.

16.     Plaintiff Shellhammer is an adult individual who resides in Pennsylvania.

17.     At all times relevant herein, Plaintiff Shellhammer worked for Defendant in Pennsylvania.

18.     Plaintiff Michienzi is an adult individual who resides in Massachusetts.

19.     At all times relevant herein, Plaintiff Michienzi worked for Defendant in Massachusetts.

20.     Plaintiff Laureano is an adult individual who resides in Florida.

21.     At all times relevant herein, Plaintiff Laureano worked for Defendant in Florida.

22.     Plaintiff Chelpaty is an adult individual who resides in Delaware.

23.     At all times relevant herein, Plaintiff Chelpaty worked for Defendant in Delaware.

24.     Plaintiff Madden is an adult individual who resides in Georgia.

25.     At all times relevant herein, Plaintiff Madden worked for Defendant in Georgia.

26.     Defendant General Electric Company is a New York corporation.  Since 2011 to the present date, Defendant GE has done business throughout the United States, including in New Jersey, Pennsylvania, Massachusetts, Florida, Delaware and Georgia.

27.     Since January 2011 through the present date (the "Relevant Period") the Named Plaintiffs have worked as service technicians for Defendant GE in New Jersey, Pennsylvania, Massachusetts, Florida, Delaware and Georgia as non-exempt employees under the FLSA.

28.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times within the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS
### General Allegations

29.     The foregoing paragraphs are incorporated herein as if set forth in full.

30.     In addition to bringing this action individually, Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Service Technicians currently and formerly employed by Defendant subject to Defendant's unlawful pay practices and policies and who worked for Defendant at any time within the three years preceding the date the instant action was initiated (members of this putative class are referred to as "Collective Plaintiffs").

31.     Named Plaintiffs and Collective Plaintiffs work and/or worked for Defendant in the United States within the three years preceding the filing date of the instant action.

32.     Named Plaintiffs and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are (or have been) subject to Defendant's unlawful policies and practices as discussed infra.

33.     There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who may benefit from the issuance of a Court Supervised Notice of the instant lawsuit advising of their right to join in the present lawsuit, in accordance with 29 U.S.C. §216(b).

34.     There are numerous similarly situated current and former employees of Defendant who Defendant failed to pay for pre-shift and post-shift activities and who may benefit from the issuance of a Court Supervised Notice of the instant lawsuit advising of their right to join in the present lawsuit.

35.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and may be located through Defendant's records.

36.     Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## **CLASS ACTION ALLEGATIONS**

### ***Class of New Jersey Employees***

37.     The foregoing paragraphs are incorporated herein as if set forth in full.

38.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Maddy and Plaintiff Fredrick bring their claims for relief to redress Defendant's violations of the New Jersey Wage Laws on behalf of themselves and those similarly situated.

39.     Specifically, Plaintiff Maddy and Plaintiff Fredrick seek to bring this action on behalf of all Service Technicians presently and formerly employed by Defendant in New Jersey subject to Defendant's unlawful pay practices and policies and who worked for Defendant at any point in the two years preceding the date the instant action was initiated (members of this putative class are referred to as "New Jersey Plaintiffs").

40.     Plaintiff Maddy, Plaintiff Fredrick and New Jersey Plaintiffs are similarly situated, have substantially similar pay provisions, and are or have been all subject to Defendant's unlawful policies and practices as described herein.

41.     The class is so numerous that the joinder of all class members is impracticable. Plaintiff Maddy and Plaintiff Fredrick do not know the exact size of the class, as such information is in the exclusive control of Defendant.

42.     Plaintiff Maddy and Plaintiff Fredrick's claims are typical of the claims of New Jersey Plaintiffs, because Plaintiff Maddy and Plaintiff Fredrick, like all New Jersey Plaintiffs, were employed by Defendant within the last two years in New Jersey (1) whom Defendant forced to work off-the-clock and (2) whom Defendant required to work more than 40 hours per workweek and then failed to pay proper overtime wages as required by New Jersey Wage Laws.

43.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

44.     Therefore, Plaintiff Maddy and Plaintiff Fredrick should be permitted to bring this action as a class action for and on behalf of themselves and those New Jersey employees similarly situated.

### *Class of Pennsylvania Employees*

45.    The foregoing paragraphs are incorporated herein as if set forth in full.

46.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Shellhammer brings his claims for relief to redress Defendant's violations of the Pennsylvania Wage Laws on behalf of himself and those similarly situated.

47.    Specifically, Plaintiff Shellhammer seeks to bring this action on behalf of all Service Technicians presently and formerly employed by Defendant in Pennsylvania subject to Defendant's unlawful pay practices and policies and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (members of this putative class are referred to as "Pennsylvania Plaintiffs").

48.    Plaintiff Shellhammer and Pennsylvania Plaintiffs are similarly situated, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

49.    The class is so numerous that the joinder of all class members is impracticable. Plaintiff Shellhammer does not know the exact size of the class, as such information is in the exclusive control of Defendant.

50.    Plaintiff Shellhammer's claims are typical of the claims of Pennsylvania Plaintiffs, because Plaintiff Shellhammer, like all Pennsylvania Plaintiffs, was employed by Defendant within the last three years in Pennsylvania (1) whom Defendant forced to work off-the-clock and (2) whom Defendant required to work more than 40 hours per workweek and then failed to pay proper wages and overtime wages as required by Pennsylvania Wage Laws.

51.    Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

52.     Therefore, Plaintiff Shellhammer should be permitted to bring this action as a class action for and on behalf of himself and those Pennsylvania employees similarly situated.

### *Class of Massachusetts Employees*

53.     The foregoing paragraphs are incorporated herein as if set forth in full.

54.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Michienzi brings his claims for relief to redress Defendant's violations of the Massachusetts Wage Laws on behalf of himself and those similarly situated.

55.     Specifically, Plaintiff Michienzi seeks to bring this action on behalf of all Service Technicians presently and formerly employed by Defendant in Massachusetts subject to Defendant's unlawful pay practices and policies and who worked for Defendant at any point in the three years preceding the date the instant action was initiated (members of this putative class are referred to as "Massachusetts Plaintiffs").

56.     Plaintiff Michienzi and Massachusetts Plaintiffs are similarly situated, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

57.     The class is so numerous that the joinder of all class members is impracticable. Plaintiffs Michienzi does not know the exact size of the class, as such information is in the exclusive control of Defendant.

58.     Plaintiff Michienzi's claims are typical of the claims of Massachusetts Plaintiffs, because Plaintiff Michienzi, like all Massachusetts Plaintiffs, was employed by Defendant within the last three years in Massachusetts (1) whom Defendant forced to work off-the-clock and (2) whom Defendant required to work more than 40 hours per workweek

and then failed to pay proper wages and overtime wages as required by Massachusetts Wage Laws.

59.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

60.     Therefore, Plaintiff Michienzi should be permitted to bring this action as a class action for and on behalf of himself and those Massachusetts employees similarly situated.

### *Class of Florida Employees*

61.     The foregoing paragraphs are incorporated herein as if set forth in full.

62.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Laureano brings his claims for relief to redress Defendant's violations of the Florida Wage Laws on behalf of himself and those similarly situated.

63.     Specifically, Plaintiff Laureano seeks to bring this action on behalf of all service technicians presently and formerly employed by Defendant in Florida subject to Defendant's unlawful pay practices and policies and who worked for Defendant at any point in the five years preceding the date the instant action was initiated (the members of this putative class are referred to as "Florida Plaintiffs").

64.     Plaintiff Laureano and Florida Plaintiffs are similarly situated, have substantially similar pay provisions, and are all subject to Defendant's unlawful policies and practices as described herein.

65.     The class is so numerous that the joinder of all class members is impracticable. Plaintiff Laureano does not know the exact size of the class, as such information is in the

exclusive control of Defendant; however, on information and belief, the number of potential class members is at least forty.

66.     Plaintiff Laureano's claims are typical of the claims of Florida Plaintiffs, because Plaintiff Laureano, like all Florida Plaintiffs, was employed by Defendant within the last five years in Florida whom Defendant forced to work off-the-clock and then failed to pay minimum wages as required by Florida Wage Laws.

67.     Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

68.     Therefore, Plaintiff Laureano should be permitted to bring this action as a class action for and on behalf of himself and those Florida employees similarly situated.

## **FACTUAL BACKGROUND**

69.     The foregoing paragraphs are incorporated herein as if set forth in full.

70.     Plaintiff Maddy has worked for Defendant for approximately 9 years and currently is employed by Defendant as a service technician.

71.     Plaintiff Fredrick worked for Defendant as a service technician for approximately 16 years, ending in September of 2011.

72.     Plaintiff Shellhammer worked for Defendant as a service technician for approximately 24 years and currently is employed by Defendant as a service technician.

73.     Plaintiff Michienzi worked for Defendant as a service technician for approximately 19 years, ending in December of 2011.

74.     Plaintiff Laureano worked for Defendant as a service technician for approximately 7 years and currently is employed by Defendant as a service technician.

75.     Plaintiff Chelpaty worked for Defendant as a service technician for approximately 26 years and currently is employed by Defendant as a service technician.

76.     Plaintiff Madden worked for Defendant as a service technician for approximately 12 years, ending in October of 2013.

77.     Defendant committed the wage and hour violations asserted herein throughout Named Plaintiffs' employment with Defendant and continue to commit such violations currently to those Named Plaintiffs currently employed by Defendant.

78.     Named Plaintiffs, Collective Plaintiffs, New Jersey Plaintiffs, Pennsylvania Plaintiffs, Massachusetts Plaintiffs, and Florida Plaintiffs (collectively referred to herein as "Plaintiffs") are those who within the last three years have been or are presently employed by Defendant as service technicians, i.e. from January 2011 to January 2014 (this period is referred to herein as the "Relevant Period").

79.     Upon information and belief, Defendant has maintained an unlawful wage payment system for at least the last three years, and has enforced such unlawful policies nationwide to all of its service technicians.

80.     Throughout the Relevant Period, Defendant GE, through its managers, supervisors and other management employees directly or indirectly acted in the interest of an employer toward Plaintiffs, and other similarly situated employees, including controlling the terms of employment and compensation of Plaintiffs, and others similarly situated.

81.     Throughout the Relevant Period, Defendant GE, including its General Electric Consumer Services ("GECS") division, was an enterprise engaged in commerce or in the production of goods for commerce as defined in the FLSA, 29 U.S.C. §§ 203(r) and (s). The annual gross sales volume of Defendant GE was in excess of $500,000.00.

82.     Named Plaintiffs and those similarly situated worked for Defendant GE as non-exempt service technicians and were compensated on an hourly basis for the work they performed pursuant to an agreed regular rate of pay under the applicable Collective Bargaining Agreement between Defendant and the Plaintiffs' authorized collective bargaining representative.

83.     Throughout the Relevant Period, Defendant GE organized its GECS into "zones" which were assigned to either the East Region or West Region of the United States.

84.     Named Plaintiffs and other employees similarly situated reported to Customer Service Managers (CSM) who managed several zones.

85.     Named Plaintiffs regularly worked over forty (40) hours per week during their employment. However, Defendant GE did not compensate Named Plaintiffs, and the other similarly situated employees, for all the hours and overtime hours worked including, without limitation, time Named Plaintiffs spent at the beginning of the shift performing tasks such as logging on to GE's service tech computer to download jobs, responding to e-mails and other computer work – and then traveling to their first job of the day, as well as time spent working through lunch and time spent before their first call of each work day or after their last call of each work day.

86.     Throughout the Relevant Period and continuing, Defendant GE failed to comply with the pay and overtime pay requirements of the FLSA, U.S.C. §§ 201-209, because Named Plaintiffs and those employees similarly situated performed labor for Defendant GE for which Defendant GE failed to pay Named Plaintiffs and the other similarly situated employees the compensation to which they were lawfully entitled for all of the hours worked

in excess of forty (40) hours within a 7 day workweek at the rate of one and one-half times their regular rate of pay.

87.     Throughout the Relevant Period, Defendant GE had in place policies and procedures purportedly requiring  Named Plaintiffs  and other similarly situated employees to properly report their daily start and stop times, as well as their lunch breaks, and any overtime hours. Also, Defendant GE's claimed policy and practice was to ensure Named Plaintiffs and similarly situated employees were fully compensated for all hours worked, including pay for all overtime hours.

88.     Throughout the Relevant Period, Defendant GE has had in place daily revenue goals for its service technicians, including Named Plaintiffs and other similarly situated employees, which penalized or reduced the daily revenue amount when overtime hours actually were worked, i.e. when more than 8 hours of work was performed in a day.

89.     Additionally, throughout the Relevant Period, Defendant GE has had in effect a Performance Improvement Plan ("PIP") which provides that a failure to meet or exceed the applicable daily revenue goals will result in counseling, written discipline, suspension and potential termination of employment of service technicians employed by Defendant GE, including Named Plaintiffs and other similarly situated employees.

90.     Despite these  purported  policies  and  practices, Defendant knew through its direct managers ("CSM") of the Named Plaintiffs, its direct managers of others similarly situated, and its Human Resource department employees, that it was not possible for Named Plaintiffs and others similarly situated, to perform all of their daily scheduled calls and other job duties, as well as to take their daily lunch break, without working overtime hours.

91. Because working overtime hours caused a reduction in the daily revenue computation for Named Plaintiffs', it was well known by Plaintiffs' managers, and the Human Resource department, that Named Plaintiffs and others similarly situated were performing substantial work off the clock every week in order to meet Defendant GE's daily revenue goals.

92. Failure to meet Defendant GE's daily revenue goals, of course, pursuant to the PIP resulted in counseling, written reprimands and discipline. As a result of the concerns over such potential discipline, Named Plaintiffs and those similarly situated were forced to work significant overtime hours off the clock.

93. Defendant GE directed Named Plaintiffs and others similarly situated to take daily a one-half hour unpaid lunch break (which sometimes was combined with two daily 15 minute breaks for a one hour unpaid lunch break).

94. However, due to high levels of scheduled customer calls and the threat of discipline, Named Plaintiffs, and those similarly situated, were not able to perform all of their scheduled service calls, and take the daily lunch break, but instead often performed work during their lunch break for Defendant GE.

95. As needed to perform their jobs for Defendant GE, Named Plaintiffs, and others similarly situated, took their vans in for servicing off the clock.

96. On a daily basis, after they completed their last service call of the day, Named Plaintiffs, and others similarly situated, then drove home, and in order to perform their jobs for Defendant GE, logged on to their computers and connected with Defendant GE's computer system to obtain the next day's service calls, to obtain information regarding those calls, to obtain information regarding parts ordered and/or received, to read and respond

to e-mails, and to fulfill other job duties, all of which work for Defendant GE's benefit was performed off the clock.

97.     Instead of following Defendant GE's purported policies which mandated compliance with the FLSA, to ensure Named Plaintiffs, and others similarly situated, met or exceeded Defendant GE's daily revenue goals, GE Managers threatened and intimidated Named Plaintiffs not to submit accurate timecards which reflected their actual hours worked.

98.     For example, Defendant GE's computer software automatically included lunch in each day's electronic time cards, and in response to a service technician's submission of a time card showing lunch was not being taken, an e-mail was sent to the manager, who after would call the service technician to intimidate the service technician into changing the time card.

99.     Requests for overtime by a service technician were denied, similarly not through an e-mail or text message to the service technician (which would create a record), but instead managers called and intimidated the service technician not to include overtime.

100.     In direct violation of the FLSA and the applicable law requiring compensation for work performed during a continuous workday, Defendant GE through its policies, practices and communications advised Named Plaintiffs and those similarly situated that the time they spent on Defendant GE's computer system in the morning before their first call, the time thereafter spent driving to their first service call of the day, as well as the time spent driving from their final service call of the day and the time spent on Defendant GE's computer after they had returned home was not compensable time.

101.     Despite its purported policies to ensure full wage payments to Plaintiffs, Defendant GE did not compensate Named Plaintiffs, and others similarly situated, for their

overtime hours worked off the clock servicing their vans, receiving and/or obtaining parts and confirming, organizing and placing those parts in their vans, working during their lunch breaks, as well as calling customers before and after their clock in times.

102. Throughout the Relevant Period and continuing, Defendant GE failed to comply with the overtime pay requirements of the FLSA, 29 U.S.C. § 207, as Named Plaintiffs and others similarly situated performed labor for Defendant GE for which Defendant GE failed to pay Named Plaintiffs and others similarly situated, the compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) hours within a 7 day workweek at the rate of one and one-half times their regular rate of pay.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Claim for Unpaid Wages and Overtime Compensation)**
**(Named Plaintiffs and Collective Plaintiffs v. Defendant)**

103. The foregoing paragraphs are incorporated herein as if set forth in full.

104. Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendant GE.

105. Also, other service technicians, who were similarly situated to Plaintiffs, were employed by Defendant GE and regularly worked in excess of forty (40) hours in one or more workweeks during their employment with Defendant GE during the Relevant Period and continuing.

106. Defendant failed to pay Plaintiffs, and the other employees similarly situated to them, one and one-half times their regular rate of pay for all overtime hours worked, in one or more workweeks within the three (3) year FLSA statute of limitations period.

107.    Any time records and the compensation records of the amounts actually paid to Plaintiffs, and all other similarly situated employees, are in the possession and custody of Defendant GE.

108.    Plaintiffs are entitled to be paid one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours per workweek during their employment with Defendant GE during the past three (3) years.

109.    All similarly situated employees of Defendant GE also are owed unpaid overtime wages for each overtime hour they worked but were not properly paid during the three (3) year FLSA statute of limitations period since January 2011 to the present date and continuing.

110.    Defendant GE knowingly and willfully failed to pay Plaintiffs, and the other employees similarly situated to them, at time and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a week and, therefore, are entitled to liquidated damages.

111.    As a result of Defendant GE's intentional and willful failure to pay overtime in accordance with the FLSA, Plaintiffs, and those similarly situated to them, have suffered damages, plus incurred costs of this suit and reasonable attorneys' fees.

112.    As a result of Defendant GE's willful violations of the FLSA, the Plaintiffs, and those similarly situated to them, are entitled to liquidated damages.

113.    Plaintiffs have retained the undersigned attorneys to represent them in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant GE.

114.    Plaintiffs demand a jury by trial.

**COUNT II**
**New Jersey Wage and Hour Law**
**(Failure to pay Overtime Compensation)**
**(Plaintiffs Maddy, Fredrick and New Jersey Plaintiffs v. Defendant)**

115.    The foregoing paragraphs are incorporated herein as if set forth in full.

116.    At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the NJWHL.

117.    At all times relevant herein, Defendant was responsible for paying wages to Plaintiffs Maddy, Fredrick and New Jersey Plaintiffs.

118.    At all times relevant herein, Plaintiffs Maddy, Fredrick and New Jersey Plaintiffs were employed with Defendant as "employees" within the meaning of the NJWHL.

119.    Under the NJWHL, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

120.    Defendant's violations of the NJWHL include, but are not limited to, not paying Plaintiffs Maddy, Fredrick and New Jersey Plaintiffs for time worked on pre-shift and post-shift activities.

121.    Defendant's conduct in failing to pay Plaintiffs Maddy, Fredrick and New Jersey Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

122.    As a result of Defendant's unlawful conduct, Plaintiffs Maddy, Fredrick and New Jersey Plaintiffs have suffered damages as set forth herein.

## COUNT III
## New Jersey Wage Payment Collection Law
### (Failure to pay Wages Earned)
### (Plaintiffs Maddy and Fredrick and New Jersey Plaintiffs v. Defendant)

123.    The foregoing paragraphs are incorporated herein as if set forth in full.

124.    At all times relevant herein, Defendant has and continues to be an employer within the meaning of the NJWPCL.

125.    At all times relevant herein, Defendant was responsible for paying wages to Plaintiff Maddy, Plaintiff Fredrick and New Jersey Plaintiffs.

126.    At all times relevant herein, Plaintiff Maddy, Plaintiff Fredrick and New Jersey Plaintiffs were employed with Defendant as "employees" within the meaning of the NJWPCL.

127.    Under the NJWPCL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

128.    Defendant's violations of the NJWPCL include, but are not limited to not paying Plaintiff Maddy, Plaintiff Fredrick and New Jersey Plaintiffs for time worked on pre-shift and post-shift activities.

129.    Defendant's conduct in failing to pay Plaintiff Maddy, Plaintiff Fredrick and New Jersey Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

130.    As a result of Defendant's unlawful conduct, Plaintiff Maddy, Plaintiff Fredrick and New Jersey Plaintiffs have suffered damages as set forth herein.

## COUNT IV
## Pennsylvania Minimum Wage Act
### (Failure to pay Overtime Compensation)
### (Plaintiff Shellhammer and Pennsylvania Plaintiffs v. Defendant)

131.    The foregoing paragraphs are incorporated herein as if set forth in full.

132.    At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the PMWA.

133.    At all times relevant herein, Defendant was responsible for paying wages to Plaintiff Shellhammer and Pennsylvania Plaintiffs.

134.    At all times relevant herein, Plaintiff Shellhammer and Pennsylvania Plaintiffs were employed with Defendant as "employees" within the meaning of the PMWA.

135.    Under the PMWA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

136.    Defendant's violations of the PMWA include, but are not limited to, not paying Plaintiff Shellhammer and Pennsylvania Plaintiffs for time worked on pre-shift and post-shift activities.

137.    Defendant's conduct in failing to pay Plaintiff Shellhammer and Pennsylvania Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

138.    As a result of Defendant's unlawful conduct, Plaintiff Shellhammer and Pennsylvania Plaintiffs have suffered damages as set forth herein.

## COUNT V
### Pennsylvania Wage Payment Collection Law
### (Failure to pay Wages Earned)
### (Plaintiffs Shellhammer and Pennsylvania Plaintiffs v. Defendant)

139.    The foregoing paragraphs are incorporated herein as if set forth in full.

140.    At all times relevant herein, Defendant has and continues to be an employer within the meaning of the PWPCL.

141.    At all times relevant herein, Defendant was responsible for paying wages to Plaintiff Shellhammer and Pennsylvania Plaintiffs.

142.    At all times relevant herein, Plaintiff Shellhammer and Pennsylvania Plaintiffs were employed with Defendant as "employees" within the meaning of the PWPCL.

143.    Under the PWPCL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

144.    Defendant's violations of the PWPCL include, but are not limited to not paying Plaintiff Shellhammer and Pennsylvania Plaintiffs for time worked on pre-shift and post-shift activities.

145.    Defendant's conduct in failing to pay Plaintiff Shellhammer and Pennsylvania Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

146.    As a result of Defendant's unlawful conduct, Plaintiff Shellhammer and Pennsylvania Plaintiffs have suffered damages as set forth herein.

## COUNT VI
### Massachusetts Overtime Law
### (Failure to pay Overtime Compensation)
### (Plaintiff Michienzi and Massachusetts Plaintiffs v. Defendant)

147.    The foregoing paragraphs are incorporated herein as if set forth in full.

148.     At all times relevant herein, Defendant has been and continues to be an employer within the meaning of the Massachusetts Overtime Law (MOL").

149.     At all times relevant herein, Defendant was responsible for paying wages to Plaintiff Michienzi and Massachusetts Plaintiffs.

150.     At all times relevant herein, Plaintiff Michienzi and Massachusetts Plaintiffs were employed with Defendant as "employees" within the meaning of the MOL.

151.     Under the MOL, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked in excess of forty (40) hours per workweek.

152.     Defendant's violations of the NJWHL include, but are not limited to, not paying Plaintiff Michienzi and Massachusetts Plaintiffs for time worked on pre-shift and post-shift activities.

153.     Defendant's conduct in failing to pay Plaintiff Michienzi and Massachusetts Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

154.     As a result of Defendant's unlawful conduct, Plaintiff Michienzi and Massachusetts Plaintiffs have suffered damages as set forth herein.

## COUNT VII
### Massachusetts Payment of Wages Law
### (Failure to pay Wages Earned)
### (Plaintiff Michienzi and Massachusetts Plaintiffs v. Defendant)

155.     The foregoing paragraphs are incorporated herein as if set forth in full.

156.     At all times relevant herein, Defendant has continued to be an employer within the meaning of the Massachusetts Payment of Wages Law ("MPWL").

157.    At all times relevant herein, Defendant was responsible for paying wages to Plaintiff Michienzi and Massachusetts Plaintiffs.

158.    At all times relevant herein, Plaintiff Michienzi and Massachusetts Plaintiffs were employed with Defendant as "employees" within the meaning of the MPWL.

159.    Under the MPWL, an employer must pay an employee all wages due and may not fail to pay an employee for all hours worked.

160.    Defendant's violations of the MPWL include, but are not limited to not paying Plaintiff Michienzi and Massachusetts Plaintiffs for time worked on pre-shift and post-shift activities.

161.    Defendant's conduct in failing to pay Plaintiff Michienzi and Massachusetts Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

162.    As a result of Defendant's unlawful conduct, Plaintiff Michienzi and Massachusetts Plaintiffs have suffered damages as set forth herein.

## COUNT VIII
## Florida Law
### (Failure to pay Wages Earned)
### (Plaintiff Laureano and Florida Plaintiffs v. Defendant)

163.    The foregoing paragraphs are incorporated herein as if set forth in full.

164.    At all times relevant herein, Defendant has and continues to be an employer within the meaning of the Florida Wage and Hour Law ("FWHL").

165.    At all times relevant herein, Defendant was responsible for paying wages to Plaintiff Laureano and Florida Plaintiffs.

166.    At all times relevant herein, Plaintiff Laureano and Florida Plaintiffs were employed with Defendant as "employees" within the meaning of the FWHL.

167. Under the FWHL, an employer must pay an employee minimum wages for all hours worked.

168. Defendant's violations of the FWHL include, but are not limited to not paying Plaintiff Laureano and Florida Plaintiffs for time worked on pre-shift and post-shift activities.

169. Defendant's conduct in failing to pay Plaintiff Laureano and Florida Plaintiffs properly was willful and was not based upon any reasonable interpretation of the law.

170. As a result of Defendant's unlawful conduct, Plaintiff Laureano and Florida Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to compensate, reimburse, and make Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings. Named Plaintiffs and Collective Plaintiffs, and Class Plaintiffs should be accorded those benefits illegally withheld;

(2) Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs are to be awarded liquidated damages, treble damages, and/or punitive damages as applicable under the laws they are suing under in an amount equal to the actual damages in this case;

(3) Named Plaintiffs, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

(4)     Those similarly situated current and former employees of Defendant GE are entitled to join this case as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).


Respectfully Submitted,

*/s/ Justin L. Swidler*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417
Email: jswidler@swartz-legal.com
Email: rswartz@swartz-legal.com


Dated: January 23, 2014